UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI, | No. 2:24-cv-3159 AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| WILLIAM D. JOHNSON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the instant petition, petitioner challenges his conviction for murder and attempted murder in San Joaquin County Superior Court Case No. STK-CR-FE-2017-0016638. ECF No. 1 at 2. Although petitioner has not paid the filing fee or filed an application to proceed in forma pauperis, the court will not require him to do so at this time and will instead recommend that the petition be dismissed as second or successive.

Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief may not be filed in district court without prior authorization by the court of appeals. Felker v. Turpin, 518 U.S. 651, 657 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152-53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits). A petition is successive within the meaning of 28

1

U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim *on the merits*." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530. "Even if a petitioner can demonstrate that he qualifies for one of [the] exceptions [to filing a second or successive petition], he must seek authorization from the court of appeals before filing his new petition with the district court." Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (citing 28 U.S.C. § 2244(b)(3)).

The court's records reflect that petitioner has previously filed an application for a writ of habeas corpus attacking the conviction and sentence that are challenged in this case. The previous application was filed by the Clerk of the Court on August 22, 2022, and was denied on the merits on March 13, 2023. Iseli v. People of the State of California, No. 2:22-cv-1483 TLN EFB (E.D. Cal.), ECF Nos. 1, 23, 31. This court takes judicial notice of the record in that proceeding. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases.").

Because the petition is second or successive, before petitioner can proceed on his claims, he must submit a request to the United States Court of Appeals for the Ninth Circuit to issue an order authorizing the district court to consider the application and that request must be granted. 28 U.S.C. § 2244(b)(3). Petitioner has not provided any evidence that he has received the required authorization. Moreover, petitioner recently filed another petition challenging the same conviction that was dismissed as second or successive. See Iseli v. Warden, No. 2:24-cv-1934 KJM AC (E.D. Cal.), ECF No. 7. In dismissing the case, the court granted petitioner's request to transfer the matter to the Ninth Circuit for authorization to proceed with a second or successive petition. Id. The Ninth Circuit assigned the case number 24-6134, id. at ECF No. 8, and review of the Ninth Circuit's docket shows the request for authorization is still pending. The undersigned will therefore recommend that this action be dismissed without prejudice to re-filing once petitioner receives authorization to proceed from the Ninth Circuit.

////

1    Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that this action be dismissed without prejudice as second or successive.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

DATED: November 18, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3